### NATIONAL PARK BANK v. GODDARD et al.

*(Supreme Court, General Term, First Department.   October 20, 1892.)*

RECEIVERS—ACTIONS—RIGHT TO INTERVENE.
  A receiver, who simply holds property pending the determination of an action to settle the ownership of the same, has no interest in such action, and will not be allowed to intervene.

Appeal from special term, New York county.

Action by the National Park Bank against Warren N. Goddard and others and Henry W. Gray, special receiver.   From an order made at chambers, referring the questions as to the right of the parties to certain property held by the receiver, and allowing such receiver to intervene, plaintiff appeals. Modified.

For decision on appeal by defendants from orders granting an injunction, and appointing the receiver, see 16 N. Y. Supp. 343.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

Horwitz & Hershfield, (O. Horwitz, of counsel,) for appellant.   Burrill, Zabriskie & Burrill, (G. Zabriskie, of counsel,) for respondent.

VAN BRUNT, P. J.   In May, 1891, the plaintiff, having commenced an action against the firm of Levy Bros. & Co., obtained an attachment, which was levied upon their property.   Thereafter the several defendants herein commenced actions of replevin against the sheriff to recover various parcels of the property so attached.   Subsequently this action was commenced by the plaintiff for the purpose of obtaining an adjudication upon the claims of the various parties in respect to such property, and the respondent herein was appointed receiver of such property, pending the determination of the action. In April, 1892, the receiver presented his petition to the court, alleging, among other things, that many persons had applied to him for the delivery to them of goods held by him, and in some instances orders had been made by the court referring it to a referee to take proof of the title of the goods, etc.; that three or four claimants of goods had, without notice to him, obtained orders directing him to deliver goods to them upon payment of all liens and charges for the care and custody and preservation of the property; that some of these orders directed him to deliver goods which were not and had never been in his possession or under his control, and of other goods which had been sold by him pursuant to the order of the court; and the petitioner further alleged that doubts had arisen as to whether the parties who claimed goods in his custody were entitled to delivery of the same merely upon the consent of the parties, without proof of title; and, after making various other allegations, the receiver asked the court for instruction on these points, and also for instructions as to whether independent proceedings of the several defendants to obtain possession of the goods ought to be stayed.   An order to show cause was made, and on the return thereof some of the defendants in the action filed affidavits.   Thereupon an order was made providing, in effect, that the several defendants who claimed to be the owners, and entitled to the possession, of the goods in the receiver's hands, should have leave to apply to the court for an order adjudging them to be the owners thereof, and that the

possession of such goods be delivered to them; and, further, that the receiver and any party to the action might file answers to such petitions, etc.; and a referee was appointed to take proof, and report to the court. From this order the plaintiff appealed, and objects to that part of the order which authorizes the receiver to intervene. No objection having been raised upon this appeal to the order of reference as such, it will not be at all necessary to discuss the same in disposing of this appeal, and we will confine ourselves to that part of the order specially objected to.

It seems to us perfectly clear that the receiver has no interest whatever in the settlement of the controversies between the parties to this action in respect to the title to the goods in his possession. He is a mere stakeholder, and can have no interest in any such controversy. If it is urged as a reason for such intervention that parties have obtained improper orders from the courts for the delivery of goods, it is sufficient to say that if, in the making of the orders, the court observes the ordinary and regular course of procedure, viz., a refusal to act except upon notice to all the parties who have appeared in the action, no difficulties need arise. This plain rule of practice, however, seems to have been departed from in the order now in question; but, as no objection is raised upon this point, it is not considered. The court has no right to impose upon the fund in question the expenses of the receiver attending upon and taking part in the trial of issues with which he has no concern, and the question as to whether a piece of property in his hands, of which he is simply the stakeholder, belongs to either one of several defendants or to the plaintiff, is a matter in which he has no interest. It is undoubtedly true that the receiver may be interested in seeing that the various claimants of the goods in his possession shall bear their proportion of the expenses of the receivership, including the receiver's compensation. But, as we read the order, no such question has been referred to the referee, nor is the referee authorized to pass upon any such question, and consequently the receiver has no interest before the referee to protect in that respect. We think, therefore, that the order should be modified by striking out that part of the order which authorized the receiver to intervene before the referee, upon the trial by him of the title of the property in the receiver's hands, and as modified affirmed, without costs. All concur.